UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ESTES EXPRESS LINES, a Virginia Corporation,<br><br>        Plaintiff,<br><br>        v.<br><br>SUN FURNITURE, INC. a Washington Corporation,<br><br>        Defendant. | Case No. C09-5515 RBL<br><br>ORDER OF DEFAULT JUDGMENT |

This matter comes before the Court on motion for default judgment. The Court, having reviewed the papers submitted by Plaintiff and the record herein, is fully informed and **GRANTS** the motion for default judgment.

**Introduction and Background**

On August 26, 2009, Plaintiff Estes Express Lines, an interstate common carrier, filed suit against Defendant Sun Furniture, Inc. for overdue freight charges pursuant to the applicable tariffs and 49 U.S.C. § 13706. Pursuant to the complaint, Plaintiff seeks judgment against Defendant for payment in the amount $182,510.09, prejudgment interest on the outstanding balance at the legal rate, all costs incurred in the action, and continuing interest on the judgment amount at the legal

ORDER - 1

1  rate. Defendant Sun Furniture was served with a Summons and Complaint on September 29, 2009,
2  at their registered agent's office. Defendant did not appear nor otherwise defend the action.
3  Plaintiff moved for default and on January 19, 2010, this Court entered an Order of Default.
4  Plaintiff presently moves for a default judgment. Defendant has not opposed this motion.

**Standards for Default Judgment**

Rule 55 of the Federal Rules of Civil Procedure governs the entry of default judgment. Obtaining default judgment under Rule 55 is a two-step process.

The first step is for the Clerk to enter the non-appearing party's default under Rule 55(a). For this to happen, Plaintiff must file an "application for default" against the non-appearing party with the Clerk. In this case, Plaintiff has filed an application for default, and the Clerk has entered an Order of Default.

The second step only occurs once the non-appearing party's default has been entered by the Clerk. When the Clerk has entered default, plaintiff may file a motion under Rule 55(b) for default judgment against each party against whom default has been entered. See Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986). Entry of default judgment against a non-appearing defendant is at the Court's discretion pursuant to Rule 55(b). See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980); Draper v. Coombs, 792 F.2d 915, 924 (9th Cir. 1986).

The Ninth Circuit has identified a noninclusive list of eight factors for determining whether a default judgment should be entered. A court should consider the following: (1) the possibility of prejudice to the plaintiff if the request is denied; (2) the merits of the plaintiff's claims against the defaulting party; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the default was caused by excusable neglect; (7) whether the default was technical or *de minimis*; and (8) the strong public policy favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

ORDER - 2

On the first factor, the Plaintiff will suffer serious prejudice should the request be denied. Sun Furniture apparently obtained transit services from Plaintiff and not only has failed to pay the applicable tariffs, but has shown to be unwilling to participate in the litigation over the past due amounts. Without a default judgment, Estes Express will be prejudiced greatly.

Regarding the second factor, on the alleged facts, Plaintiff's claims against Sun Furniture are strong. Defendant obtained transit of goods by common carrier and has ignored the demand for payment. Thus, the second factor weighs in favor of entering a default judgment.

Third, the complaint is sufficient. It adequately sets forth plausible facts, which, if accepted as true, show the Plaintiff is entitled to relief.

The fourth factor weighs against default judgment. The Plaintiff is seeking a judgment in an amount exceeding one hundred thousand dollars against a party that has not appeared.

The fifth and sixth factors are neutral. Regarding the fifth factor, material facts might very well be debatable. But Sun Furniture has not appeared and has not presented any opposing factual account. On the sixth factor, there is no evidence concerning Sun Furniture's reasons for failing to appear in this litigation.

As for the seventh factor, Defendant's default is neither technical nor *de minimis*. The lawsuit was filed and Defendant served over six months ago. Despite demands, Defendant has absolutely failed to appear.

Finally, the eighth factor always weighs against entering a default judgment. A decision on the merits is favored. Courts are able to more accurately allocate liability when both parties present facts and legal arguments. But where, as here, the Defendant has shown that it is unwilling or unable to appear, entering a default judgment is the only remedy to avoid an unjust result to the Plaintiff.

Having considered the above factors, the court concludes that a default judgment against Defendant Sun Furniture, Inc. is appropriate.

ORDER - 3

1     Upon default, the well pleaded allegations of the complaint relating to liability are taken as true. <u>Televideo Systems, Inc. v. Heidenthal</u>, 826 F.2d 915, 917 (9th Cir. 1987).  Thus, at the time of entry of default, the facts alleged by the Plaintiff in the complaint are deemed admitted.  The exception to this rule involves allegations relating to the amount of damages, for which evidentiary support must be provided.  Damages on default may be established via an evidentiary hearing, declarations or affidavits, an accounting, or reference to a master or magistrate judge.  See <u>Geddes v. United Financial Group</u>, 559 F.2d 557, 560 (9th Cir. 1977).

    Plaintiff has submitted the necessary declarations and accounting establishing the sum certain Defendant owes Plaintiff. The judgment summary is a s follows:

| | |
|---|---|
| Judgment Creditor: | ESTES EXPRESS LINES |
| Judgment Debtor: | SUN FURNITURE, INC. |
| Principal Judgment Amount: | $182,510.09 |
| Attorney's Fees | $500.00 |
| Taxable Costs: | $415.00 |
| **Total:** | **$183,425.09** |

ACCORDINGLY;

IT IS ORDERED:

Plaintiff Estes Express Lines is hereby awarded **JUDGMENT** against Defendant Sun Furniture, Inc. in the total amount of $183,425.09 which is composed of principal in the amount of $182,510.09, costs of $415.00, and attorney fees of $500.00.  Judgment shall bear interest at 12% per annum, beginning from the date of entry of this judgment.

DATED this 23rd day of April, 2010.

*Ronald B. Leighton*
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER - 4